NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-420

COMMONWEALTH

vs.

JEREMY R. CLEARY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In 2011, Jeremy R. Cleary pleaded guilty in the Superior Court to indictments for aggravated rape and armed assault with intent to murder.  He was sentenced to a period of incarceration followed by a ten-year probationary period; as a condition of probation, Cleary was required to submit to global positioning system (GPS) monitoring.

Ten years later, Cleary moved to vacate the GPS condition on the grounds that the sentencing judge had not conducted an "individualized determination of reasonableness" as required under art. 14 of the Massachusetts Declaration of Rights and Commonwealth v. Feliz, 481 Mass. 689, 699-700 (2019), before imposing the GPS requirement, and that the condition was not reasonable in his case.  On September 24, 2021, a judge (first judge) denied that motion.  On June 16, 2022, Cleary moved for

reconsideration of the first judge's decision.  Concluding that the "defendant . . . [was] entitled to have the court conduct an individualized determination of the reasonableness of the GPS monitoring condition," and citing to Feliz, 481 Mass. at 691, the first judge allowed the motion for reconsideration and vacated his September 24, 2021, order.  A second judge heard anew the defendant's motion to vacate the GPS requirement and in a thoughtful written decision, denied it.  Cleary appealed from the second judge's decision.  We affirm.

Discussion.  GPS monitoring as a probationary condition is a search under both the Massachusetts Declaration of Rights and the United States Constitution.  See Feliz, 481 Mass. at 690. Because the search is conducted without a warrant, the burden is on the Commonwealth to prove that "the government's interest in imposing GPS monitoring outweighs the privacy intrusion occasioned by GPS monitoring."  Commonwealth v. Roderick, 490 Mass. 669, 672 (2022), quoting Feliz, supra at 701.  On appeal, "we accept findings of fact by a judge who saw and heard the witnesses, unless those findings are clearly erroneous, but consider the constitutionality of the search de novo." Roderick, supra at 673.

As a probationer, Cleary's "privacy interests . . . are diminished as compared with other individuals," see Garcia v. Commonwealth, 486 Mass. 341, 352 (2020), but they are not

2

extinguished.  See Roderick, 490 Mass. at 675.  The GPS monitoring condition burdens Cleary's privacy interests by requiring him to wear the monitor itself; subjecting him to scheduling interruptions occasioned by the GPS device's need for maintenance or repair;[1] stigmatizing him; exposing him to a risk of arrest for reasons including some that are beyond his control, such as malfunctioning of the GPS device; and, of course, by providing the government with detailed information about his movements in real time.  Id. at 675-676, and cases cited.

On the other side of the balance, we consider the Commonwealth's interest in imposing the GPS monitoring requirement.  See Roderick, 490 Mass. at 677.  Because in this case, the Commonwealth was unable to contact the victim to determine her location and therefore did not seek the imposition of an exclusion zone to protect that person, its argument focused on GPS as a means of deterring Cleary from committing future crimes.

Given the judge's factual findings, none of which Cleary challenges as clearly erroneous, we are satisfied that the Commonwealth met its burden of demonstrating that its interests

---

[1] At the motion hearing before the second judge, Cleary told the judge that the GPS requirement had had some negative impact on his employment as a contractor.

in protecting the public outweigh Cleary's privacy interests. See Feliz, 481 Mass. at 701. In 2008, Cleary committed the index offense, assault with intent to murder, when he beat the victim, a twenty-year-old woman whom he found sleeping outside a closed retail store, into semiconsciousness using a board. In the course of the attack, Cleary raped the victim,[2] then left her, bleeding profusely, for the police to find the following morning.[3] As a result of the beating, the victim required surgery and nearly two weeks of hospitalization. The "great[] severity" of these crimes, which implicate public safety, establishes a "particularly strong" governmental interest in deterrence and weighs in the Commonwealth's favor. Roderick, 490 Mass. at 682, quoting Commonwealth v. Cruzado, 480 Mass. 275, 284 (2018).

In addition, Cleary has been classified as a level three sex offender. That classification is evidence that both his risk of sexual recidivism and of dangerousness are high and thus "establishe[s] that GPS monitoring would further [the

---

[2] The evidence before the judge supports the inference that Cleary did not know the victim before he beat and raped her.

[3] As we have noted, Cleary was indicted for this rape and pleaded guilty to that offense, as well.

4

Commonwealth's] interest in deterring and, if necessary, investigating future sex offenses."[4] Roderick, 490 Mass. at 681.

Finally, we consider the Commonwealth's interests strengthened by the defendant's past history of lawlessness. In the eleven years before his plea in this case, Cleary had had nine prior restraining orders issued against him and in favor of seven different plaintiffs. He also had convictions for violent crimes other than those at issue in this case, compare Roderick, 490 Mass. at 682-683 (probationer's lack of prior convictions mitigated against imposition of GPS condition), and had violated his probation "several" times as of his sentencing date. Compare Feliz, 481 Mass. at 705 (probationer's lack of history of probation violations mitigated against imposition of GPS condition).

On review of this "constellation of factors," Feliz, 481 Mass. at 701, we are satisfied that the Commonwealth has met its burden of showing how GPS monitoring furthers its interest in imposing the GPS condition, and that those interests outweigh Cleary's privacy interests. See id. at 705. The search comprised of that condition is reasonable, see id. at 701, and

---

[4] Because the Commonwealth does not contend that it could configure a GPS exclusion zone that would protect the victim in this case, it does not argue that the GPS condition protects the victim, specifically. See Roderick, 490 Mass. at 679.

we therefore affirm the second judge's denial of Cleary's motion to vacate the probationary condition of GPS monitoring.

<u>Order denying motion to vacate GPS monitoring affirmed</u>.

By the Court (Meade, Neyman & Hand, JJ.[5]),

Assistant Clerk

Entered: May 15, 2024.

---

[5] The panelists are listed in order of seniority.